IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY KEVIN ALVA, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3107 |
| NATHANIEL QUARTERMAN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

State inmate Rodney Kevin Alva, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 parole revocation. He requests leave to proceed *in forma pauperis*. (Docket Entry No. 3.) After considering the pleadings, matters of record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations.

### I.   PROCEDURAL HISTORY

Petitioner was convicted of aggravated robbery with a deadly weapon in 1985, and sentenced to seventeen years incarceration. He was released to parole, but it was revoked on August 6, 2002. Petitioner alleges that he filed an application for state habeas relief in the trial court on July 26, 2004.[1] The Texas Court of Criminal Appeals denied the

---

[1] Other federal habeas petitions filed by petitioner suggest that this date is incorrect. *See Alva v. Dretke*, C.A. No. H-03-3287 (S.D. Tex. 2003), reflecting that petitioner's state habeas application was pending in state court as of December, 2002. The Court dismissed that petition without prejudice for failure to exhaust. *See also Alva v. Cockrell*, C.A. No. H-02-1984 (S.D. Tex. 2002).

application on March 11, 2005. *Ex parte Alva*, Application No. 15,830-09. Petitioner filed this federal habeas petition on September 25, 2006, complaining that he was denied due process at his 2002 revocation hearing.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner's parole was revoked on August 6, 2002. That date triggered the AEDPA statute of limitations, which expired one year later on or about August 6, 2003, unless an exception applies.

B.  **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). For purposes of this petition only, and in affording petitioner the greatest possible latitude, the Court will presume that petitioner filed his application for state habeas relief with the trial court no later than August 7, 2002. The Texas Court of Criminal Appeals denied the application on March 11, 2005, which triggered commencement of the one-year limitation. This pending federal petition was filed over eighteen months later on September 25, 2006, and is time-barred unless petitioner has raised valid grounds for equitable tolling.

C.  **Equitable Tolling**

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v.*

3

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petition does not reveal any exceptions to or grounds for application of any equitable tolling provisions for the AEDPA limitations bar. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the applicable one-year limitations period.

### III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**. The motion to proceed *in forma pauperis* (Docket Entry No. 3) is **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ___16th___ day of October, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE